IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-178-D

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY HARDISON, <br><br> Defendant. | ORDER |

On May 23, 2012, DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC ("plaintiffs") filed a motion for summary judgment against Jeffrey Hardison ("defendant" or "Hardison") for receiving, intercepting, and using encrypted, copyrighted, and subscription-based DISH Network programming without authorization and without payment to DISH Network, in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511, 2520, the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a)(1), and the Communications Act of 1934, as amended, 47 U.S.C. § 605(a) [D.E. 19]. The court notified Hardison about the motion [D.E. 25] and he failed to respond. As explained below, the court grants plaintiffs' motion for summary judgment.

DISH Network is a satellite television provider that delivers video, audio, and data services to approximately 14 million subscribers in the United States. Duval Decl. [D.E. 21] ¶ 4. DISH Network broadcasts, among other things, movies, sports, and general entertainment services to consumers who have paid a subscription fee or, in the case of pay-per-view entertainment, the purchase price. Id. ¶ 5.

DISH Network purchases the distribution rights for its programming from providers such as network affiliates, specialty broadcasters, cable networks, motion picture distributors, and sports leagues. Id. ¶ 6. The programming that DISH Network broadcasts is copyrighted. Id. DISH Network has the authority of the copyright holders to protect the programming from unauthorized reception and viewing. Id.

DISH Network programming is digitized, compressed, and encrypted before being transmitted to multiple satellites orbiting Earth. Id. ¶ 7. The satellites then retransmit the encrypted signal to specialized equipment possessed by DISH Network subscribers. Id. EchoStar Technologies provides such specialized equipment, namely satellite receivers that decode the encrypted signal. Id. ¶ 8. The satellite receivers rely on smart cards, developed by NagraStar, that use control words to decode the encrypted signal for DISH Network subscribers. Id. ¶¶ 8–10. Each satellite receiver and smart card is assigned a unique serial number so that DISH Network can ensure the equipment only decrypts programming that the customer is authorized to receive. Id. ¶ 8.

Dark Angel was a pirate television service that provided users with access to DISH Network control words stored in a Dark Angel computer server. See id. ¶¶ 11–18. By accessing the Dark Angel computer server, users could decode DISH Network's encrypted signals and watch unauthorized programming. See id.

Hardison subscribed on two different occasions to the Dark Angel pirate television service and, through those subscriptions, connected to the Dark Angel computer server on at least 23 different occasions, resulting in his unauthorized interception and use of plaintiffs' control words and encrypted signals. See Rogers Decl. [D.E. 23] ¶¶ 1–5 & Exs. 1–6. Hardison intentionally intercepted the control words and encrypted signals in order to view DISH Network's copyrighted programming without payment of a subscription fee.

Hardison violated the ECPA. See 18 U.S.C. §§ 2511(1)(a), 2520. Pursuant to the ECPA, plaintiffs requested and are entitled to statutory damages in the amount of $10,000 for defendant's

violation. See id. § 2520(c)(2)(B). Moreover, plaintiffs have agreed to dismiss with prejudice count one, alleging violations of the DMCA, 17 U.S.C. § 1201(a)(1), and count two, alleging violations of the Communications Act, 47 U.S.C. § 605(a), so that a final judgment may be entered in this case.

Having reviewed the record and applicable law, the court GRANTS plaintiffs' motion for summary judgment against defendant [D.E. 19] and ORDERS:

(1) Defendant and anyone acting in active concert or participation with, or at the direction or control of, defendant, are hereby PERMANENTLY ENJOINED from:

    (a) Receiving, intercepting, or using plaintiffs' satellite communications, signals, transmissions, data stream, or control words, without plaintiffs' authorization through any means, including through the use of Internet Key Sharing (also known as Control Word Sharing); and

    (b) testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes or other technological information or data from plaintiffs' satellite communications, signals, transmissions, data stream, control words, satellite television receivers, access cards, or any other part or component of plaintiffs' security system or other technology to gain access to DISH Network programming, including through the use of Internet Key Sharing (also known as Control Word Sharing).

(2) This permanent injunction takes effect immediately.

(3) Plaintiffs' causes of action under the DMCA, 17 U.S.C. § 1201(a)(1), and the Communications Act, 47 U.S.C. § 605(a), are hereby dismissed with prejudice.

(4) The court ORDERS judgment in favor of plaintiffs on their claims under the ECPA, 18 U.S.C. §§ 2511(1)(a), 2520.

(5) Statutory damages in the amount of $10,000 are awarded to plaintiffs in accordance with 18 U.S.C. § 2520(c)(2)(B).

3

Case 4:11-cv-00178-D   Document 26   Filed 10/15/12   Page 3 of 4

(6) Pursuant to 18 U.S.C. § 2520(b)(3), the court awards plaintiffs, as the prevailing parties, their costs in the amount of $2,706.78 and reasonable attorneys' fees in the amount of $17,608.50.

(7) The court retains jurisdiction over this action for the purpose of enforcing this final judgment and permanent injunction.

(8) This is a final judgment. Any relief not expressly granted herein is denied.

SO ORDERED. This 15 day of October 2012.

JAMES C. DEVER III
Chief United States District Judge

4

Case 4:11-cv-00178-D   Document 26   Filed 10/15/12   Page 4 of 4